IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NELSON CASTELLAR-PACHECO
JOSE M. CORDERO-ACEVEDO,
CARLOS M. DIAZ-LLORENS,
MAYRA GARRIGA-ORTIZ,
LUZVINA RUIZ-FIGUEROA,
LUIS H. FELICIANO-ROSA,
GUILLERMO DIAZ-MARTINEZ,
RAFAEL FIGUEROA-PEREZ,
EDWIN QUIñONES-GARCIA,
ROBERTO ROSARIO-ROBLEDO,
JOHNNY SANTOS-QUIñONES,
JOSE A. VEGA-MATOS,
GLIDDEN BARRIERA PEREZ,
and JOSUE SOTO-SANTIAGO

Plaintiffs

vs                                                          CIVIL 97-1423CCC

WALTER TORRES-MALDONADO,
individually and as Mayor of the Municipality
of Peñuelas; MIGUEL FIGUEROA-TORRES,
individually and as the Director of Human
Resources or Personnel; RENE OCASIO,
individually and as Director of the Civil
Defense; RAMON L. SEGARRA, individually
and as Director of the Peñuelas Public Works
Department; THE MUNICIPAL
GOVERNMENT OF PEñUELAS

Defendants



AO 72A
(Rev.8/82)

ORDER

Having considered defendants' Motion for Judgment as a Matter of Law pursuant to Rule 50 Fed.R.Civ.P. presented in open court at the close of plaintiffs' case in chief, the same is DENIED on all First Amendment claims and GRANTED on all the due process claims, except for Luzvina Ruiz, as to defendants Walter Torres-Maldonado, the Municipality of Peñuelas and Miguel Figueroa-Torres. As to the latter, the Court has carefully reviewed plaintiff Luzvina Ruiz's testimony which is relevant to the First Amendment claim. She testified that, upon calling her and other municipal co-workers affiliated to the NPP to his office days before their termination, Mr. Figueroa-Torres commented that he was reviewing the files of all NPP employees. Although the testimonies of the remaining plaintiffs do not lend support to a claim of discriminatory conduct by Mr. Figueroa-Torres against them, the Ruiz' testimony is a strong indicator of his having intervened, with a discriminatory animus, in the adverse employment action by identifying the political affiliation of plaintiffs. Whether or not this actually occurred is a credibility determination to be made by the jury.

The Rule 50 motion is GRANTED as to all First Amendment claims against René Ocasio, Director of Civil Defense of the Municipality of Peñuelas, except for plaintiff Mayra Garriga. A review of the testimony of the other three municipal defense employees under Ocasio's supervision, plaintiffs José Vega, Josué Soto and Carlos Díaz-Lloréns, reflects that there is **no** evidence, direct or circumstantial, or inferences flowing therefrom, of any discriminatory conduct on the part of this defendant against these three employees which resulted in the non-renewal of

CIVIL 97-1423CCC                                3

their contracts. The arguments made by their attorneys in opposition to the Rule 50 motion are either totally irrelevant to the issue of discrimination or speculative. The evidence presented is insufficient to establish a claim of political discrimination against defendant René Ocasio. They argue, for example, that Ocasio's discrimination against them is evidenced by the fact that it was he who referred these employees to the personnel office the day in which their contracts were terminated. They also contend that it could be inferred that Ocasio resented being stripped of his duties as Deputy Director of Civil Defense of the Municipality of Peñuelas during the previous NPP administration and, therefore, terminated all NPP employees that he could when the PDP won the Municipality.

The Rule 50 motion on the First Amendment claims against Ramón L. Segarra, Director of Public Works of the Municipality of Peñuelas, is GRANTED except for Mr. Luis Feliciano. The evidence presented by the plaintiffs who worked at Public Works is clearly insufficient, except in Feliciano's case, to establish a causal link between their termination and any discriminatory actions taken by Mr. Serrano which motivated or were a substantial factor in their dismissal.

Finally, at the time of the trial, five plaintiffs had Fifth Amendment violation of due process claims based on the absence of a pre-termination hearing. These were José M. Cordero-Acevedo, Carlos M. Díaz-Llorens, Mayra Garriga-Ortíz, Luzvina Ruiz-Figueroa and Nelson Castellar-Pacheco. The remaining plaintiffs' Fifth Amendment claims had been dismissed by Order and Partial Judgment entered on May 5, 1998 (see docket entries 43 & 44).

Having considered the testimonial and documentary evidence on the due process claims

CIVIL 97-1423CCC                                      4

corresponding to these five plaintiffs, only Ms. Luzvina Ruiz-Figueroa established her right to a pre-termination hearing as a career employee.

Ms. Mayra Garriga-Ortíz cannot be considered a career employee because she did not pass the second evaluation and, therefore, never received a career appointment. She did not comply with the requirements of 21 L.P.R.A. §4554(b), the law on the Municipal Personnel System.

Mr. Cordero-Acevedo's testimony and the relevant documents pertaining to his appointment reflect that he was appointed to a trust position, although Mayor José Cedeño-Maldonado acknowledged in a letter that his position should have been classified as career. This letter was sent to plaintiff on October 26, 1996, when the electoral ban was in effect. The incoming mayor never issued a notice of appointment to Mr. Cordero-Acevedo for a career position nor was it ever modified by way of a change report after said ban expired.

As to Carlos Díaz-Lloréns' due process claim, the Change Report (Exhibit 3(b)), shows that effective March 16, 1993 his position was changed from that of press officer, a trust position, to that of radiological defense officer, a career position. Mr. Díaz-Lloréns filed an appeal before JASAP on June 12, 1996 claiming that the Mayor of Peñuelas, Mr. José Cedeño-Maldonado, who belonged to the same party (NPP) as he did, had not changed his classification to that of a career employee. In a resolution issued on June 29, 1996, the Appeals Board specifically instructed him that he had to exhaust administrative remedies which meant presenting the matter before the Mayor of Peñuelas and awaiting for his final decision. At page 2 of the resolution, Mr. Díaz-Lloréns was expressly admonished that if he wished to appeal the final determination made

CIVIL 97-1423CCC                                    5

by Mayor Cedeño-Maldonado, he must do so within thirty (30) days after notice of such decision. See defendants' Exhibit M. In a second resolution issued by the Appeals Board on May 13, 1997 (defendants' Exhibit N), the Board indicates at paragraph 1 that Mr. Díaz-Lloréns appealed on November 8, 1996 from the final decision of the Mayor which had been notified to him since July 1996. The Board refers to a July 22, 1996 communication in which the nominating authority, Mayor Cedeño-Maldonado, points to the existence of several irregularities with regard to Mr. Díaz' appointment as a radiological defense officer and informs him that his position is considered as one of trust. The Board concluded that it lacked jurisdiction to review the Mayor's decision since Mr. Díaz failed to appeal the final determination issued by the Mayor within thirty (30) days. The resolution states that the Mayor's final decision was received by Mr. Díaz-Lloréns on July 29, 1996 and he did not appeal the same until November 8, 1996. He was admonished in the last paragraph of his right to seek reconsideration and appeal to the Circuit Court of Appeals. Because he did not pursue his appeal any further after this last resolution, there was no review of Mayor Cedeño-Maldonado's determination that his position was classified as a trust position. Since the Mayor's decision of July 21, 1996, notified to Mr. Díaz-Lloréns on July 29, 1996, is a final determination which supersedes the March 16, 1993 change report, there is no evidence to support his claim that at the time of his termination on January 22, 1997 he held a career position.

CIVIL 97-1423CCC                              6

Finally, the testimonial and documentary evidence relating to Nelson Castellar-Pacheco's position clearly establishes that he was appointed to a trust position and that this appointment was submitted for confirmation to the Municipal Assembly of Peñuelas. The appointment to a trust position of Community Affairs Director was made by NPP Mayor Ramón E. Rivera-García and subsequently submitted to the Municipal Assembly of Peñuelas for confirmation. The Assembly approved it on March 3, 1993 (defendants' Exhibit O).

In sum, as to the procedural due process claims, the plaintiffs, except for Luzvina Ruiz-Figueroa, did not establish a property interest in the renewal of their appointments which entitled them to a pre-termination hearing. The only evidence presented in support of this claim was that they had the subjective expectancy that their employments would last indefinitely.

SO ORDERED.

At San Juan, Puerto Rico, on July 5th, 2000.

CARMEN CONSUELO CEREZO
United States District Judge

7-6-00 s/c:
E. Aldarondo
C. Aluff
L. Joby
F. Ojeda