IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NELSON CASTELLAR-PACHECO ET AL
    Plaintiffs

    v.

WALTER TORRES-MALDONADO ET AL
    Defendants

Civil No. 97-1423 (CCC)

## MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION

This matter was referred to the undersigned for a Report and Recommendation on the Petition for an Award of Attorneys' Fees filed by plaintiffs on September 18, 2000 (**Docket No. 133**). Plaintiffs Mayra Garriga-Ortiz (Garriga), Nelson Castellar-Pacheco (Castellar), Carlos M. Díaz-Lloréns (Díaz) and Luzvina Ruiz-Figueroa (Ruiz) seek attorneys fees in the amount of $102,520.00 as prevailing parties in a civil rights action brought pursuant to 42 U.S.C. § 1983 (**Docket No. 131**). Defendants ask the Court to disregard and/or at least to reduce the total amount claimed in their petition.

I.    **PROCEDURAL BACKGROUND**

Fourteen plaintiffs filed this lawsuit against defendants Walter Torres-Maldonado, Miguel Figueroa-Torres, René Ocasio, Ramón L. Segarra and the Municipality of Peñuelas (**Docket No. 1**). The complaint was brought pursuant to 42 U.S.C. § 1983, Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 LPRA §§ 5141 and 5142 and Article 12.001 et seq. of Law 81 of August 30, 1991, 21 LPRA § 4551 et seq. The plaintiffs alleged violations of the First, Fifth and Fourteenth Amendments to the United States Constitution and several provisions of Puerto Rico Law, raising the following




issues: (1) that the employment relationship between each plaintiff and the Municipality of Peñuelas was not renewed or was terminated because of plaintiffs' political affiliation to the New Progressive Party; (2) that defendants violated the plaintiffs' right to due process under the United States Constitution; and (3) that the employment relationship between each plaintiff and the Municipality of Peñuelas was not renewed or was terminated because of the negligence of the defendants.

Prior to trial plaintiff Johnny Santos-Quiñones voluntarily dismissed his claims (**Docket No. 16**). Also prior to trial the Court dismissed the due process claims of the following plaintiffs: Guillermo Díaz-Martínez, Rafael Figueroa-Pérez, Edwin Quiñones-Garcia, Roberto Rosario-Robledo, José Vega-Matos, Glidden Barriera-Pérez, Josué Soto-Santiago and Luis Feliciano-Rosa (**Docket No. 44**). The case proceeded to trial on June 22, 2000, on all remaining claims (**Docket No. 85**). On the second day of trial plaintiff Rafael Figueroa-Pérez moved to voluntarily dismiss his claim and same was granted by the Court (**Docket Nos. 87 and 90**). At the close of plaintiffs' case in chief, defendants moved for judgment as a matter of law pursuant to Fed.R.Civ.P. 50 (**Docket No. 94**). The Court granted judgment as a matter of law as to all due process claims, with the exception of plaintiff Luzvina Ruiz's claim (**Docket No. 96**). Judgment as a matter of law was granted as to all First Amendment claims brought against defendant René Ocasio, with the exception of plaintiff Mayra Garriga's claim brought against said defendant. A similar request was also granted as to all First Amendment claims brought against defendant Ramón L. Segarra, with the exception of plaintiff Luis Feliciano's

claim brought against said defendant. *Id.* Finally, judgment as a matter of law was granted as to the due process claims brought by plaintiffs Cordero-Acevedo, Díaz, Garriga and Castellar. *Id.*

The remaining issues were determined by the jury which rendered its decision on July 18, 2000 (**Docket Nos. 105-116**). The jury found as follows: for plaintiff Castellar in the amount of $32,400.00 in compensatory damages as his employment relationship with the Municipality of Peñuelas was not renewed or was terminated because of his political affiliation to the New Progressive Party, i.e., First Amendment claim (**Docket No. 105**); for plaintiff Díaz in the amount of $33,588.00 in compensatory damages and $4,665.00 in punitive damages as his employment relationship with the Municipality of Peñuelas was not renewed or was terminated because of his political affiliation to the New Progressive Party, i.e., First Amendment claim (**Docket No. 106**); for plaintiff Garriga in the amount of $35,107.00 in compensatory damages and $4,975.00 in punitive damages as her employment relationship with the Municipality of Peñuelas was not renewed or was terminated because of her political affiliation to the New Progressive Party, i.e., First Amendment claim (**Docket No. 107**); for plaintiff Ruiz in the amount of $27,792.00 in compensatory damages and $5,000.00 in punitive damages as her employment relationship with the Municipality of Peñuelas was not renewed or was terminated because of her political affiliation to the New Progressive Party, i.e., First Amendment claim, $13,000.00 in compensatory damages and $10,000.00 in punitive damages for violation of her due process rights, and $5,000.00 in compensatory damages

as her employment relationship with the Municipality of Peñuelas was not renewed or was terminated because of the negligence of any of the defendants (**Docket No. 108**). The jury found against the remaining plaintiffs José Vega-Matos, José Cordero-Acevedo, Guillermo Díaz-Martínez, Luis Feliciano-Rosa, Josué Soto-Santiago, Edwin Quiñones-García, Roberto Rosario-Robledo and Glidden Barriera-Pérez and in favor of the remaining defendants (**Docket Nos. 109-116**). Thereafter, on September 18, 2000, plaintiffs filed their motion for attorneys' fees (**Docket No. 131**).

## II. ANALYSIS

### A. Standard

The Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, as amended, 42 U.S.C. § 1988, provides that "[i]n any action or proceeding to enforce a provision of section . . . 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." However, "Congress intended to permit the . . . award of counsel fees only when a party has prevailed on the merits." *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980) (per curiam). Consequently, in order to qualify for attorneys' fees under 42 U.S.C. § 1983, a section 1983 plaintiff must be a prevailing party. *Farrar v. Hobby*, 506 U.S. 103, 109 (1992); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Under the Supreme Court's definition of prevailing party "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433

AO 72A
(Rev.8/82)

(1983) (*quoting Nadeau v. Helgemoe*, 581 F.2d 275, 278-279 (1st 1978)). Of import is that "liability on the merits and responsibility for fees go hand in hand; where a defendant has not been prevailed against, either because of legal immunity or on the merits, § 1988 does not authorize a fee award against that defendant." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

According to the First Circuit, "the lodestar method is the strongly preferred method by which district courts should determine what fees to award prevailing parties in actions that fall within the ambit of section 1988." *Coutin v. Young & Rubicam Puerto Rico, Inc.*, 124 F.3d 331, 337 (1st Cir. 1997) *citing Lipsett v. Blanco*, 975 F.2d 934, 937 (1st Cir. 1992). "This approach contemplates judicial ascertainment of 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate' as the starting point in constructing a fee award.'" *Coutin*, 124 F.3d at 337, quoting *Hensley*, 461 U.S. at 433. A court reviewing a fee request "can segregate time spent on certain unsuccessful claims, eliminate excessive or unproductive hours, and assign more realistic rates to time spent." *Coutin*, 124 F.3d at 337 (citations omitted).

Plaintiffs Garriga, Castellar, Díaz and Ruiz seek compensation for three attorneys for the following hours and at the following hourly rates: Attorneys Eliezer Aldarondo-Ortiz (Aldarondo) and Pablo Landrau-Pirazzi (Landrau): 59 hours and 32.5 hours respectively, at $215.00 per hour for in-court time; 231.5 hours and 135.25 hours respectively, at $190.00 per hour for out-of-court time. Attorney Claudio Aliff-Ortiz (Aliff): 87.25 hours at $170.00 per hour for in-court time; 159.75 hours at $150.00 per

hour for out-of-court time.  Based upon the hours and hourly rate advanced the attorneys' fees total $128,150.00, however, plaintiffs have reduced that amount by twenty percent for work performed in non-prevailing plaintiffs causes of action seeking a total award of $102,520.00.

Defendants argue that if the Court awards the attorneys' fees plaintiffs seek such award will be totally unjust as only four plaintiffs out of twelve prevailed and of those four plaintiffs, only one was successful on all claims.  Defendants also argue that plaintiffs have not satisfied their burden of proving that the prevailing market rates for work of the same character and complexity are the ones stated in the petition.

### B. Prevailing Party

As noted above, a plaintiff may be considered a prevailing party for attorney's fees purposes if the plaintiff succeeds on any significant issue in litigation which achieves some of the benefit the party sought in bringing suit. *Hensley v. Eckerhart*, 461, U.S. 424, 433 (1983).  A plaintiff must obtain at least some relief on her claim in order to qualify as a prevailing party.  *Farrar*, 506 U.S. at 111.  Accordingly, an award of attorneys' fees based on related claims should not be reduced merely because the plaintiff did not prevail on every claim.  *See Hensley*, 461 U.S. at 440.  "Three measures of "success" pertain to civil rights lawsuits . . . : 'plaintiff's success claim by claim, . . . the relief actually achieved, . . . [and] the societal importance of the right which has been vindicated." *Rodríguez v. Miranda*, 132. F.3d 848, 859 (1st Cir. 1998) *quoting Coutin* 124 F.3d at 338.

Civil No. 97-1423 (CCC)                                          Page No. 7

The First Circuit has set forth several configurations to consider when determining the reasonableness of a fee. First, if a plaintiff prevails on some of multiple claims, then a fee reduction may be in order. *Coutin*, 124 F.3d at 339. In order to recover on claims that were not successful the plaintiff must show an adequate relationship between the successful and unsuccessful claims. *Schneider v. Colegio de Abogados de Puerto Rico*, 187 F.3d 30, 33 (1st Cir. 1999). Attorneys' fees normally should not be awarded for time spent in litigating (or preparing to litigate) unsuccessful, severable claims. *Coutin*, 124 F.3d at 338 (citations omitted). Second, if a plaintiff prevails on an insubstantial subset of interrelated claims and obtains only limited relief, the trial court has discretion to shrink fees to reflect that inferior result. *Coutin*, 124 F.3d at 339 (citations omitted). Third, if a prevailing party is successful on all (or substantially all) of her claims, and receives complete (or near-complete) relief, reasonable fees should be paid for time productively spent, without any discount for limited success. *Id.* Fourth, if a prevailing party succeeds on all (or substantially all) of her claims, but receives no significant relief (e.g., the jury awards only nominal damages), the trial judge sometimes may deny fees altogether because this scenario often "highlights the plaintiffs failure to provide actual, compensable, injury." *Id., citing Farrar v. Hobby*, 506 U.S. 103, 115 (1992). Fifth, if a plaintiff prevails on all her claims, but receives limited (though not insubstantial) redress, it is appropriate for a trial court to consider the skimpiness of the relief when adjusting the lodestar figure. *Id.* (citations omitted).

Civil No. 97-1423 (CCC)                                                                 Page No. 8

Four plaintiffs succeeded either in whole or in part in the claims advanced in this lawsuit. In computing the attorneys fees, plaintiffs deducted from the lodestar figure twenty percent for work devoted to the eight non-prevailing plaintiffs' causes of action. Plaintiffs contend that six of the non-prevailing plaintiffs' cases were less complex and simple to handle and note that the cases of the prevailing plaintiffs were the most complex. Plaintiffs argue that the fact that three of the prevailing plaintiffs did not recover on every single theory is no impediment to the recovery of attorneys' fees. Plaintiffs further advance the theory that "it would be an exercise in futility" to separate out the legal services rendered for each claim and that the attorneys' fees should be determined as a function of degree of success. Furthermore, plaintiffs argue that the hours expended by counsel involved a "tightly wrapped core of common facts" so that the claims were so related as to make separation of issues impossible.

Defendants argue that of the twelve plaintiffs bringing First Amendment claims, only four were able to prove their claim; of the twelve plaintiffs bringing tort claims, only one was able to prove her claim; and of six plaintiffs bringing due process claims, only one was able to prove her claim. Additionally, the defendants argue that statistically 67 percent of the plaintiffs, or eight out of twelve did not present evidence sufficient to grant an award of damages. The defendants assert that based on the foregoing, plaintiffs' attorneys should not use "the success obtained herein" as a basis to request an award of attorneys' fees. Additionally, defendants note that only one plaintiff was successful in all her claims and that in the other three cases there were successful and unsuccessful

Civil No. 97-1423 (CCC)                                                                  Page No. 9

claims. Defendants also contend that plaintiffs' attempt to recover 80 percent of the time devoted in the form of attorneys' fees, ignores what actually happened in the courtroom. Finally, defendants argue that plaintiffs should not recover attorneys fees for the eight losing cases and that plaintiffs degree of success is very low.

To be considered a prevailing party a plaintiff must have received "at least some relief on the merits of his claim." *Hewitt v. Helms*, 482 U.S. 755, 760 (1987). It is clear that eight plaintiffs were not awarded damages and as a result cannot be said to have prevailed on any of their claims. However, it is also clear that the claims of all plaintiffs are interrelated, inasmuch as the plaintiffs were terminated from their employment following general elections held in November 1996 which caused a change in the administration in January 1997. Virtually all the plaintiffs, with the exception of one, were terminated in January 1997. Additionally, the undersigned has reviewed the entire court file and finds that when documents were filed by counsel for plaintiffs, most of those documents were filed on behalf of all plaintiffs (**Docket Nos. 1, 7, 12, 18, 20, 23, 27, 29, 30, 36,[1] 40, 52, 62, 63, 64, 78, 82**). Plaintiffs did not separate the hours worked on behalf of the four prevailing plaintiffs from the hours worked on behalf of the eight non-prevailing plaintiffs. However, plaintiffs have explained that the case involved a core of common facts, which apparently made it difficult to segregate the hours for each

---

[1] Although plaintiffs' opposition to a motion for summary judgment divided the plaintiffs into two groups -- one group which held term employment contracts with the Municipality of Peñuelas whose contracts were not renewed at the expiration thereof and a second group of all others – the plaintiffs still filed their response in a single document on behalf of all plaintiffs.

plaintiff. Indeed, the billing statement submitted by plaintiffs does not segregate the work done for each individual plaintiff but includes hours worked on behalf of all the plaintiffs. A review of the billing statement reveals that it may in fact be difficult, it not impossible, to segregate the work done for each plaintiff. Moreover, plaintiffs have attempted to rectify the situation by reducing the lodestar amount by twenty percent. Accordingly, the undersigned concludes that the claims of all plaintiffs are so interrelated, involving a common core of facts that it is difficult, if not impossible to segregate the hours worked for each plaintiff.

With regard to the four plaintiffs Garriga, Castellar, Díaz and Ruiz, it is clear that only one plaintiff, Ruiz, prevailed on all claims raised. Garriga, Castellar, and Díaz all prevailed on their First Amendment claims. While it is true they did not prevail on the tort claim or their due process claim, there is no doubt that the facts and issues of all three claims are interrelated. Further, the First Amendment claims were significant issues in this lawsuit. The case law has made clear that plaintiffs may be considered prevailing parties for attorney's fees purposes even though they achieve only partial success if they "succeed on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing suit". *Schneider v. Colegio de Abogados de Puerto Rico*, 187 F.2d 30, 32 (1st Cir. 1999), *quoting Hensley*, 461 at 433. Keeping the law and the fact of the success of the First Amendment claims which were significant issues in this lawsuit, the undersigned determines that Garriga, Castellar and Díaz are all prevailing parties, even though they did not succeed on all the claims they raised.

Civil No. 97-1423 (CCC) Page No. 11

### C. Amount of Award

**1. Prevailing Market Rates.**

The attorney's hourly rate should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). The party seeking the fees has the burden of showing that the rates sought are comparable with those in the community. *Id.*

In this particular case, plaintiffs seek compensation for each of the following attorneys at the rates listed below:

> Attorneys Aldarondo and Landrau:
> $215.00/hour for in-court time
> $190.00/hour for out-of-court time
>
> Attorney Aliff:
> $170.00/hour for in-court time
> $150.00/hour for out-of-court time

Plaintiffs support the hourly rate by providing a verified statement of Attorney Aldarondo and the résumés of attorneys Landrau and Aliff (**Docket No.131**, Exhs. 2, 3, 4). The exhibits submitted indicate that all three attorneys have considerable experience and in particular that Attorney Aldarondo has much experience in the area of civil rights. Additionally, the undersigned notes that as recently as June 15, 2000, the District Court of Puerto Rico found reasonable an hourly rate of $265.00 per hour for in-court work and $240.00 per hour for out-of-court for an attorney recognized to be a leading civil rights practitioner in the District of Puerto Rico. *See Ramos v. Commonwealth of*

*Puerto Rico*, 100 F.Supp.2d 99, 104 (D.P.R. 2000). In the same case the court found reasonable rates of $250.00 per hour for in-court work and $225.00 per hour for out-of-court for attorneys with slightly less experience. *Id.* Based on the background and experience of the three attorneys, the prevailing market rates and this District's recent findings of reasonable attorney fee rates, the undersigned concludes that the attorneys' hourly rates as advanced by plaintiffs are reasonable.

Therefore, the undersigned **RECOMMENDS** that the Court award Attorneys Aldarondo and Landrau $215.00 per hour for in-court time and $190.00 per hour for out-of-court time. The undersigned **FURTHER RECOMMENDS** that the Court award Attorney Aliff $170.00 per hour for in-court time and $150.00 per hour for out-of-court time.

### 2. Hours Worked

"As a general rule, a fee-awarding court that makes substantial reduction in either documented time or authenticated rates should offer reasonably explicit findings, for the court, in such circumstances, 'has a burden to spell out the whys and wherefores.'" *Rodríguez v. Miranda*, 132. F.3d 848, 859 (1st Cir. 1998) *quoting United States v. Metropolitan Dist. Comm'n*, 847 F.2d 12, 18 (1st Cir. 1988). Plaintiffs submitted records for three attorneys for whom they seek fees. In that regard plaintiffs submitted a particularized accounting of the tasks performed, the dates performed and the number of hours spent on each task. *See Weinberger v. Great Northern Nekousa Corp.*, 925 F.2d 518, 527 (1st Cir. 1991). The undersigned has reviewed the number of hours spent by

Civil No. 97-1423 (CCC)                                                                 Page No. 13

each attorney and finds the hours to be reasonable based on the issues raised, number of plaintiffs, motions filed, and court time spent.

### 3. Recommended Amount of Attorneys' Fees

The undersigned has determined reasonable the number of hours worked by each attorney and has also determined as reasonable the rates per hour for in-court and out-of-court activities. Further, the undersigned agrees with plaintiffs that the attorneys' fees requested should be reduced as a result of the work performed for non-prevailing plaintiffs, particularly in light of the fact that it is difficult, if not impossible to segregate the hours worked for the prevailing plaintiffs as opposed to the non-prevailing plaintiffs. The undersigned disagrees, however, with the twenty percent reduction amount suggested by plaintiffs. Based on the total number of plaintiffs whose claims were decided by the jury - twelve; the number of plaintiffs who prevailed on part or all of the claims - four; and, the number of plaintiffs who were non-prevailing - eight, the undersigned determines that a reduction of forty (40) percent of the lodestar figure is more appropriate.

It is therefore **RECOMMENDED**, that the total claim for attorneys' fees of $128,150.00 be reduced by forty percent (40%) for work performed for the non-prevailing plaintiffs' causes of action, and that the plaintiffs be awarded fees in a total amount of $76,890.00, pursuant to the Civil Rights Attorneys' Fees Act of 1976, 42 U.S.C. § 1988.

Civil No. 97-1423 (CCC) Page No. 14
_____

### III. CONCLUSION

It is therefore **RECOMMENDED**, based on the foregoing, that the plaintiffs' Petition for an Award of Attorneys Fees (**Docket No. 131**) be **GRANTED in part** and **DENIED in part** and that plaintiffs be awarded an attorneys' fee of $76,890.00.

In accordance with Rule 510.2(A), Local Rules, District of Puerto Rico, any objections to this Report and Recommendation must be filed with the Clerk of this Court **within ten (10) days** of receipt of this notice. Failure to file objections within the specified time waives the right to review by the District Court, and waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Borden v. Secretary of Health and Human Services*, 836 F.2d 4, 6 (1st Cir. 1987) (*per curiam*). The objections must be in writing and "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objections." Rule 510.2, Local Rules, District of Puerto Rico.

**IT IS SO RECOMMENDED.**

At San Juan, Puerto Rico, on this 15th day of November, 2000.

*[signature]*
AIDA M. DELGADO-COLON
U.S. Magistrate-Judge

AO 72A
(Rev.8/82)