IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NELSON CASTELLAR PACHECO,
et al.,
    Plaintiffs

v.

WALTER TORRES MALDONADO,
et al.,
    Defendants

Civil No.97-1423(CCC)

## REPORT AND RECOMMENDATION

Fourteen plaintiffs filed this lawsuit against defendants Walter Torres-Maldonado (Torres), Miguel Figueroa-Torres (Figueroa), René Ocasio (Ocasio), Ramón L. Segarra (Segarra) and the Municipality of Peñuelas (Peñuelas) on the basis that they were terminated from their employment due to their partisan-political beliefs. **(Docket No. 1)**. The complaint was brought pursuant to 42 U.S.C. § 1983, Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 LPRA § 5141 and 5142 and Article 12.001 et seq. of Law 81 of August 30, 1991, 21 LPRA § 4551 et seq. The case went to trial and ultimately four plaintiffs prevailed in their claims: Marya Garriga-Ortíz (Garriga), Nelson Castellar-Pacheco (Castellar), Carlos Díaz-Llorens (Díaz) and Luzvina Ruíz-Figueroa (Ruíz). On March 2, 2002, the plaintiffs filed a motion requesting execution of judgment, same being opposed by defendants Torres, Figueroa and Ocasio **(Docket No. 156A, 158)**. The matter was referred to the undersigned for consideration **(Docket No. 157)**.

I.    **Background**

This matter commenced to trial on June 22, 2000, and the jury rendered its decision on July 18, 2000 **(Docket Nos. 85, 105-116)**. The Municipality of Peñuelas and certain



individual defendants as indicated were found liable to the below listed plaintiffs for compensatory damages (**Docket Nos. 105, 106, 107, 108, 118, 119, 120, 121**) as follows:

| | |
|---|---|
| From Torres, Ocasio and Peñuelas to Garriga | $35,107.00 |
| From Torres and Peñuelas to Castellar | $32,400.00 |
| From Torres and Peñuelas to Díaz | $33,588.00 |
| From Torres, Figueroa and Peñuelas to Ruiz | $27,792.00; $13,000.00; $5,000.00 |

Individual defendants were also ordered to pay punitive damages fixed by the jury to the below listed plaintiffs as follows:

| | |
|---|---|
| From Torres and Ocasio to Garriga | $4,975.00 |
| From Torres to Díaz | $4,665.00 |
| From Torres and Figueroa to Ruiz | $5,000.00; $10,000.00 |

Thereafter, judgment was entered on August 2, 2000, based upon the verdicts of the jury (**Docket Nos. 118, 119, 120, 121**). Plaintiffs also moved for reinstatement to their former positions (**Docket Nos. 117, 123**). On October 16, 2000, the Court granted the motion as to Ruíz and denied it as to Garriga (**Docket No. 134**). In a footnote, the Court indicated that it would resolve the issue of reinstatement as to the remaining two plaintiffs by way of a separate order. *Id.* Subsequently a Notice of Appeal was filed on November 16, 2000, by Torres, Figueroa and Ocasio, individually and in their official capacities and by the Municipality of Peñuelas (**Docket No. 136**). On December 14, 2000, the court awarded attorneys' fees to Garriga, Castellar, Díaz and Ruíz in the amount of $76,890.00 (**Docket No. 137**). Next, the plaintiffs moved the court to rule upon the issue of reinstatement as to plaintiffs Castellar and Díaz (**Docket No. 138**).

On March 29, 2001, the Court of Appeals then dismissed the appeal for lack of jurisdiction inasmuch as the claims of reinstatement appeared to be outstanding (**Docket No. 139**). On September 12, 2001, the Court denied the request for reinstatement of plaintiffs Castellar and Díaz (**Docket No. 153**). Once again a Notice of Appeal was filed by Torres, Figueroa, Ocasio and the Municipality of Peñuelas (**Docket No. 154**). This Notice of Appeal, however, did not indicate that it was brought on behalf of the defendants in their individual capacities. The Court then revisited the issue of reinstatement, vacated its September 12, 2001 order, granted reinstatement to Castellar and again denied reinstatement to Díaz (**Docket No. 155**). Judgment on reinstatement was entered on October 19, 2001 (**Docket No. 156**). Subsequently, a motion to clarify was filed with the United States Court of Appeals for the First Circuit seeking to clarify that the appellants in the instant case brought their appeal in their official capacities only (**Docket No. 156A, Ex. A**). The Appellate Court entered an order on January 11, 2002, clarifying that the notice of appeal was filed by the defendants only in their official capacities. *Id.* at Ex. B.

Plaintiffs now request execution of judgment against the defendants in their personal capacities (**Docket No. 156A**).

II. Analysis

Plaintiffs move for an execution of judgment against the defendants in their personal capacity on the basis that all issues have been resolved, and all judgments are final and executable inasmuch as the defendants did appeal the judgment against them in their personal capacities. The plaintiffs also ask the Court to order that a writ of

attachment be issued against the defendants and/or to compel the Mayor of Peñuelas to include the amount of the judgment in the municipal budget for fiscal year 2002-2003 in accordance with the Municipality's Law 9 agreement with the Department of Justice.

Defendants Torres, Ocasio and Figueroa oppose the motion arguing that not only it is premature, but also that it would place an undue burden on the defendants. Defendants indicate that they are in the process of requesting payment of the judgment through the mechanisms provided by Law No. 9.

Pursuant to Fed.R.Civ.P. 69(a) process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. In the case at bar Defendants' response provides no information to the court on the stage or status of the request for payment though Law 9. More so, they have provided no information on the probability of such a request being approved. Based upon past experience, the Puerto Rico Department of Justice has taken a posture that while providing defendants with legal representation under Law 9, does not necessarily indicate that it will satisfy any judgment under Law 9. If monies are not available within a municipality, the municipality has to request a credit/loan and payment from the Treasury Department. The Treasury Department, however, will not consider such petitions unless the municipality has its finances audited and financial records submitted and up to date. Again, the defendants have not provided the court with the status of same. More, if the Municipality is not in good standing to receive such monies from state government, the possibilities of obtaining said monies is uncertain.

It has been close to two years since plaintiffs obtained a favorable disposition from

the jury. Additionally, more than one year has passed since the defendants' appeal was dismissed. Finally, over six months have transpired since the entry of judgment and resolution of the issue regarding reinstatement, yet defendants claim to be only "in the process of requesting payment." The process may take months or years, it is uncertain. What is certain is that plaintiffs are the prevailing parties and have a right to recover the monies awarded them.

### III. Conclusion

Accordingly, it is recommended that the motion be **GRANTED (Docket No. 156A)** and orders of attachment be entered and writs of attachment issue against the properties/assets of each the above-named co-defendants in the forms attached hereto as Exhibits A and B (Exhibits A and B use Defendant Walter Torres-Maldonado as an example).

It is further recommended that within **five (5)** days from the date of this Report and Recommendation plaintiffs provide to the Court the total amount each defendant owes, said amounts to include compensatory damages, attorneys' fees and costs, punitive damages, plus interest on each of the foregoing items from the day of judgment and the per diem rate, in the following format: **See Page Six**

|  | Torres | Figueroa | Ocasio |
|---|---|---|---|
| Compensatory damages | $____ | $____ | $____ |
| Attorneys' fees and costs | $____ | $____ | $____ |
| Punitive Damages | $____ | $____ | $____ |
| Interest on Compensatory damages from August 2, 2000 to April 30, 2002 | $____ | $____ | $____ |
| Interest on Attorneys' fees from August 2, 2000 to April 30, 2002 | $____ | $____ | $____ |
| Interest on Punitive damages from August 2, 2000 to April 30, 2002 | $____ | $____ | $____ |
| Total | $____ | $____ | $____ |
| Per Diem | $____ | $____ | $____ |

The amount of legal interest accrued is provided by 28 U.S.C. § 1961. The post-judgment interest on judgments rendered on August 2, 2000, amounts to 6.375% annually. *See* 28 U.S.C. § 1961. The per diem rate is calculated by multiplying the total amount due times the post judgment interest and dividing that amount by 365 days (i.e. total amount * 6.375% / 365 days = per diem rate).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B). Any objections to the same must be specific and must be filed with the Clerk of Court **within four (4) days of its receipt**. Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.

1980). The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge. *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**SO RECOMMENDED.**

At San Juan, Puerto Rico, this 7th day of May, 2002.

AIDA M. DELGADO-COLON
U.S. Magistrate-Judge

s/cs:to (3)
attys/pts
in ICMS

MAY - 8 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NELSON CASTELLAR PACHECO,
et al.,
    Plaintiffs

Civil No.97-1423(CCC)

v.

WALTER TORRES MALDONADO,
et al.,
    Defendants

---

## ORDER OF ATTACHMENT AGAINST WALTER TORRES-MALDONADO

Upon plaintiffs' Motion for Writ of Execution (**Docket No. 156A**), it is hereby:

**ORDERED** that vehicles, cash, checks, monies in banks and other institutions, accounts receivable, promissory notes, stock, bonds, furniture, equipment, securities and any other personal property of **Walter Torres-Maldonado** is subject to attachment, up to a value of **AMOUNT** ($    ), plus interests from the date of this Order, be attached, garnished, or seized to satisfy the total amount of the Judgment entered by this Court in this action;

**IT IS FURTHER ORDERED** that the properties to be attached in compliance with this Order consist of those designated by the plaintiffs in the manner provided for by the laws of Puerto Rico;

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue a Writ of Attachment, without bond, since the relief requested is subsequent to the entry of the above-mentioned judgment, directed to the U.S. Marshal, instructing him to attach, garnish or seize any and all vehicles, funds, furnishings or any other property in the possession of Walter Torres-Maldonado as may be designated by plaintiffs, including

**"EXHIBIT A"**

property in the possession of third persons. All such properties shall be seized and deposited before the Office of the Clerk of this Court if the same are monetary funds, or if they are other kind of property by placing the same under the custody of the Court and in the event of garnishment by giving notice of this Order to persons and/or entities indebted to defendant Walter Torres-Maldonado including but not limited to the Commonwealth Treasury Department ("Departamento de Hacienda del Estado Libre Asociado de Puerto Rico") and requiring them the surrender of the property or payment of the monies to the U.S. Marshal designated in this Order to execute the Writ of Attachment, at the time the obligation of such third persons or entities becomes due and payable. The person designated to execute this writ is hereby authorized to break and open locks as may be necessary to execute the attachment;

**IT IS FURTHER ORDERED** that included in the property to be attached and seized are all and any funds defendant may have deposited with any bank in Puerto Rico, which is hereby directed to pay any sums the defendant may have deposited in the institution to the Clerk of the U.S. District Court; and

**IT IS FURTHER ORDERED** that the designated executor of the Writ of Attachment shall thereafter file a return of execution describing the property attached, garnished or seized pursuant to this Order.

**SO ORDERED.**

At San Juan, Puerto Rico, this         day of May, 2002.

                                                        CARMEN CONSUELO CEREZO
                                                        U.S. District Judge

**"EXHIBIT A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NELSON CASTELLAR PACHECO,
et al.,
    Plaintiffs

Civil No.97-1423(CCC)

v.

WALTER TORRES MALDONADO,
et al.,
    Defendants

## WRIT OF ATTACHMENT

**TO THE PRESIDENT OF THE UNITED STATES OF AMERICA:**

**WHEREAS**, as Order directing the issuance of a Writ of Attachment has been entered, which Order reads as follows:

### ORDER OF ATTACHMENT AGAINST WALTER TORRES-MALDONADO

Upon plaintiffs' Motion for Writ of Execution (**Docket No. 156A**), it is hereby:

**ORDERED** that vehicles, cash, checks, monies in banks and other institutions, accounts receivable, promissory notes, stock, bonds, furniture, equipment, securities and any other personal property of **Walter Torres-Maldonado** is subject to attachment, up to a value of **AMOUNT** ($   ), plus interests from the date of this Order, be attached, garnished, or seized to satisfy the total amount of the Judgment entered by this Court in this action;

**IT IS FURTHER ORDERED** that the properties to be attached in compliance with this Order consist of those designated by the plaintiffs in the manner provided for by the laws of Puerto Rico;

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue a Writ of Attachment, without bond, since the relief requested is subsequent to the entry of the above-mentioned judgment, directed to the U.S. Marshal, instructing him to attach, garnish or seize any and all vehicles, funds, furnishings or any other property in the possession of Walter Torres-Maldonado as may be designated by plaintiffs, including property in the possession of third persons. All such properties shall be seized and deposited before the Office of the Clerk of this Court if the same are monetary funds, or if they are other

**"EXHIBIT B"**

kind of property by placing the same under the custody of the Court and in the event of garnishment by giving notice of this Order to persons and/or entities indebted to defendant Walter Torres-Maldonado including but not limited to the Commonwealth Treasury Department ("Departamento de Hacienda del Estado Libre Asociado de Puerto Rico") and requiring them the surrender of the property or payment of the monies to the U.S. Marshal designated in this Order to execute the Writ of Attachment, at the time the obligation of such third persons or entities becomes due and payable. The person designated to execute this writ is hereby authorized to break and open locks as may be necessary to execute the attachment;

**IT IS FURTHER ORDERED** that included in the property to be attached and seized are all and any funds defendant may have deposited with any bank in Puerto Rico, which is hereby directed to pay any sums the defendant may have deposited in the institution to the Clerk of the U.S. District Court; and

**IT IS FURTHER ORDERED** that the designated executor of the Writ of Attachment shall thereafter file a return of execution describing the property attached, garnished or seized pursuant to this Order.

**SO ORDERED.**

At San Juan, Puerto Rico, this _____ day of May, 2002.

(Signed)
Carmen Consuelo Cerezo
U.S. District Judge

**THEREFORE,** you are hereby required to execute this Writ issued pursuant to the above Order, by attaching forthwith all such properties of Walter Torres-Maldonado as may be designated by plaintiffs, including property in the possession of other persons, seizing personal property so designated and delivering such personal property to the Clerk of the U.S. District Court, or by depositing such personal property in the Office of the Clerk of the U.S. District Court if it may be money, in execution of the Judgment in this case in favor of plaintiffs.

At San Juan, Puerto Rico, this ____ day of _____, 2002.

CLERK OF COURT

by: _____
Deputy Clerk

**"EXHIBIT B"**