IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NELSON CASTELLAR-PACHECO
JOSE M. CORDERO-ACEVEDO,
CARLOS M. DIAZ-LLORENS,
MAYRA GARRIGA-ORTIZ,
LUZVINA RUIZ-FIGUEROA,
LUIS H. FELICIANO-ROSA,
GUILLERMO DIAZ-MARTINEZ,
RAFAEL FIGUEROA-PEREZ,
EDWIN QUIñONES-GARCIA,
ROBERTO ROSARIO-ROBLEDO,
JOHNNY SANTOS-QUIñONES,
JOSE A. VEGA-MATOS,
GLIDDEN BARRIERA PEREZ,
and JOSUE SOTO-SANTIAGO

Plaintiffs

vs                                              CIVIL 97-1423CCC

WALTER TORRES-MALDONADO,
individually and as Mayor of the Municipality
of Peñuelas; MIGUEL FIGUEROA-TORRES,
individually and as the Director of Human
Resources or Personnel; RENE OCASIO,
individually and as Director of the Civil
Defense; RAMON L. SEGARRA, individually
and as Director of the Peñuelas Public Works
Department; THE MUNICIPAL
GOVERNMENT OF PEÑUELAS

Defendants

# ORDER

On March 19, 2002, plaintiffs moved for the execution of judgment against defendants in their personal capacities (**docket entry 156-A**), as they had failed to file an appeal after the final judgment disposing of all remaining matters in this case was entered on October 19, 2001 (see docket entry 156). Defendants opposed said request on April 4, 2002 (**docket entry 158**), claiming that it was premature as they were "in the process of requesting payment of the judgment through the mechanisms provided by Law No. 9," i.e. payment to be made from the public coffers. See docket entry 158, pp. 1-2, ¶3.

CIVIL 97-1423CCC                                              2

The motion was referred to Magistrate-Judge Delgado-Colón for her consideration (see docket entry 157), and on May 8, 2002 she rendered a Report and Recommendation favorable to plaintiffs' request (**docket entry 159**). The Magistrate-Judge based her recommendation on defendants' failure to apprise the Court on the stage or status of their request for payment through Law No. 9, the uncertainty of approval of said request, and the time that had elapsed since plaintiffs prevailed on their claims. Report, docket entry 159, pp. 4-5. She also required plaintiffs to provide to the Court the total amount owed by each defendant in compensatory and punitive damages, attorneys' fees and costs, plus interest from the date of the judgment.

After filing several requests to extend the time to object the Magistrate-Judge's Report (see docket entries 161, 163 & 164), on June 14, 2002 defendants filed a Motion Regarding Payment of Sentence (**docket entry 165**) where they requested that the Report not be adopted since the Department of Justice had agreed to pay the judgment. Defendants warned, however, that:

> Still, there are a number of administrative issues that need to be worked out between the Municipality of Peñuelas, the Department of Justice and the Treasury Department in order to arrange for the payment of the sentence. The Department of Justice is aware that interests are assessed for every day that passes without payment being made, but the Department has to comply with all administrative requirements in order to satisfy the sentence according to the law.

Docket entry 165, p. 2, ¶4.

No timetable was provided for the resolution of these "administrative issues," or an estimate given of when payment could be expected. The only assurance received is that the Department of Justice will, someday, satisfy the judgment.

Thus, having considered the Report and Recommendation of Magistrate-Judge Delgado-Colón (**docket entry 159**), as well as defendants' Motion Regarding Payment of Sentence (**docket entry 165**), the Report and Recommendation is APPROVED and ADOPTED. Accordingly, plaintiffs' Motion Requesting Execution of Judgment (**docket entry 156-A**) is

CIVIL 97-1423CCC                              3

GRANTED, and their Amended Motion in Compliance With Order (**docket entry 162**) is NOTED. However, the execution of the judgment will remain STAYED for a term of fifteen (15) days after notice of this Order to allow the Department of Justice a <u>final, unpostponable</u> term to satisfy the judgment. Failure to do so within the term provided will result in the entry of orders of attachment against defendants Walter Torres-Maldonado, René Ocasio and Miguel Figueroa-Torres.

SO ORDERED.

At San Juan, Puerto Rico, on July 8, 2002.

CARMEN CONSUELO CEREZO
United States District Judge

s/cs:to ( 3 )
attys/pts
in ICMS

JUL 1 0 2002